Burton, J.,
delivered the opinion of the court.
On the 6th day of August, 1866, the respondent, French, obtained judgment against one Wiley Epper-son before a justice of the peace of Perry county, in the sum of two hundred dollars. Epperson appealed to the Circuit Court of Perry County, and one J. C. Nix and Moses Nix, the intestate of complainant Daniel, became the sureties of Epperson on the appeal bond. At the October Term, 1870, of the Circuit Court of Perry the judgment of the justice was affirmed and judgment entered against the assignee in bankruptcy of Epperson, and against H. Nix and Moses Nix. The judgment against the complainant, H. Nix, was entered by the mere misprision of the clerk who mistook complainant’s name for that of J. C. Nix, who in point of fact signed the bond. It also came about that the judgment was entered against Moses Nix, when, in point of fact, he had died early in 1867, more than three years before the date of the judgment, and the complainant, Daniel, had taken out letters of administration upon his estate in April, 1867, had fully administered the estate, and had made a final settlement of the same.
The complainants, H. Nix and Daniel, ask a perpetual injunction against this judgment. French, in his answer, admits all the facts set out in the bill; he admits that he never revived the suit against com *379 plainant Daniel as the administrator of Moses Nix, for the reason as he says, that he never heard of his death until the filing of this bill against him. Respondent French does not deny the right of the complainants to the relief sought by them, but he files his answer as a cross-bill against "William Patterson and wife and others, the heirs at law of Moses Nix, in which he has alleged that land descended to them from their ancestor Moses Nix, and he insists that he has a right to subject this land to the payment of his debt against the ancestor. The Chancellor, on motion, dismissed his cross-bill, and he has appealed to this court.
We concur with the Chancellor in the view he took of the case. It is certainly a novel accident that a party should be litigating with another for more than three years after his death and the qualification of his personal representative in ignorance of his adversary’s decease. But this fact constitutes no exception to the rule requiring him to ascertain his debt against the decedent within two years from the qualification of the administrator, and by a proper proceeding against the personal representative. If in this case, as argued, the obligation of Moses Nix as the surety of Epperson became absolute only when the judgment of the Circuit Court was rendered against Epperson, and when he had failed to satisfy the same, then and not before, would the statute of limitations begin to run in favor of Moses Nix’s personal representative. French might then have sued upon the bond at law, but we see no principle upon which he *380 conld pass by the administrator and subject the land descended to the heirs, in the first instance.
The decree of the Chancellor is affirmed, and the defendant, French, will pay the costs of the cause in this court and in the court below.